UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD A. DUNSMORE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3521 |
| | § | |
| WAGNER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Richard A. Dunsmore filed a complaint under 42 U.S.C. § 1983 alleging violations of his First Amendment rights. Defendant Sheriff Wagner moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, defendant's motion is granted.

**I.    Background**

At all times relevant to this case, Plaintiff Richard A. Dunsmore was an inmate in the Brazoria County Jail. Defendant Sheriff Wagner was, at all relevant times, the Brazoria County Sheriff.

Dunsmore alleges that defendant maintained an inadequate law library at the county jail. He further alleges that the inadequate law library harmed his efforts to pursue an appeal in state court.

On April 30, 2013, defendant filed a motion to dismiss the complaint. Plaintiff did not respond.

## II.     Analysis

### A.     Standard of Review

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B.     Conclusory Allegations

> A complaint will not survive a motion to dismiss unless it pleads sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The allegations stated in the complaint must be enough to "raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

*Gibson v. Texas Dept. of Ins.--Div. of Workers' Compensation,* 700 F.3d 227, 233 (5th Cir.,2012).

Dunsmore's complaint consists entirely of conclusory allegations about the allegedly inadequate law library.  He does not identify any legal research materials he was denied, nor does he explain how the lack of any such materials impaired his appeal.  The only specific item he claims he requested was a copy of his own petition.  He does not explain why the defendant

should have had that copy, or identify any legal obligation of the defendant to provide plaintiff with copies of his own documents. Accordingly, he fails to state a claim upon which relief can be granted.

    **C.**   **Conclusion**

    For the foregoing reasons, defendant's motion to dismiss is granted.

**III.**   **Order**

    It is ORDERED that:

        1.   The defendant's motion to dismiss (Doc. # 17) is GRANTED; and

        2.   The complaint is DISMISSED WITH PREJUDICE.

SIGNED on this 19th day of December, 2013.

                                    Kenneth M. Hoyt
                                    United States District Judge